UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES ALLEN GREER,

    Petitioner,                                 Case NO. 2:07-CV-13271

v.                                          HONORABLE AVERN COHN

MILLICENT D. WARREN,

    Respondent.
_____/

## ORDER GRANTING PETITIONER'S MOTION TO HOLD THE CASE IN ABEYANCE AND ADMINISTRATIVELY CLOSING THE CASE

### I. Introduction

This is a habeas case under 28 U.S.C. § 2254. Petitioner James Allen Greer (Petitioner) is a state inmate at the Thumb Correctional Facility in Lapeer, Michigan. Petitioner has filed a *pro se* petition for a writ of habeas corpus challenging his conviction for possession of between 50 and 225 grams of cocaine. Petitioner has also filed a motion to stay the proceedings and hold the habeas petition in abeyance so that he can return to the state courts to exhaust claims which have not been presented to the state courts. For the reasons that follow, Petitioner's motion will be granted.

### II. Background

Petitioner was convicted of the above offense following a jury trial in the Oakland County Circuit Court. Petitioner's conviction was affirmed on appeal. People v. Greer, No. 253612 (Mich. Ct. App. Mar. 9, 2006); lv. den. 476 Mich. 866 (2006).

Petitioner has now filed the instant petition in which he seeks the issuance of a

writ of habeas corpus on the following grounds:

> I.  Petitioner was denied a fair trial by the prosecutor's flagrant misconduct by: (1) committing fraud upon the court by misrepresenting the truth behind its police officers' actions, [and], (2) failing to disclose material evidence demonstrating its officers lacked probable cause, and in fact their actions were predicated on a hunch. U.S. Const. Am. V, VI, and XIV: Mich. Const. 1963, Art. 1, § 17, 20.
>
> II.  Petitioner was denied his constitutional right to the effective assistance of appellate counsel by the counsel's failure to raise the above issues and completely failed, in spite of the defendant's request, to investigate matters mitigating to the prosecutor's misconduct in this case. U.S. Const. AM. VI, XIV.

### III.  Discussion

As a general rule, a state prisoner seeking federal habeas relief must first exhaust his available state court remedies before raising a claim in federal court. 28 U.S.C. § 2254(b) and (c).  The Antiterrorism and Effective Death Penalty Act (AEDPA) preserves the traditional exhaustion requirement, which mandates dismissal of a habeas petition containing claims that a petitioner has a right to raise in the state courts but has failed to do so.  Welch v. Burke, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999). Federal district courts must dismiss mixed habeas petitions which contain both exhausted and unexhausted claims.  Pliler v. Ford, 542 U.S. 225, 230 (2004).

In his motion to stay the proceedings, Petitioner admits that he failed to exhaust his claims with the state courts.  Petitioner, however, seeks a stay so that he may properly exhaust these claims.

The Michigan Court Rules provide a process through which Petitioner may raise his unexhausted claims.  Petitioner can file a motion for relief from judgment pursuant to Mich. Ct. R. 6.500 *et seq.*, which allows the trial court to appoint counsel, seek a

response from the prosecutor, expand the record, permit oral argument and conduct an evidentiary hearing on Petitioner's claims. Petitioner may appeal the trial court's disposition of his motion for relief from judgment to the Michigan Court of Appeals and Michigan Supreme Court. To obtain relief, he will have to show cause for failing to raise his unexhausted claims on his appeal of right to the Michigan Court of Appeals and resulting prejudice or a significant possibility of innocence. See Mich. Ct. R. 6.508(D)(3). Petitioner's unexhausted claims should be addressed to, and considered by, the state courts in the first instance.

A federal district court has the authority to abate or dismiss a federal habeas action pending resolution of state post-conviction proceedings. However, in order to stay federal proceedings and hold a habeas petition in abeyance pending resolution of state court proceedings, there must be exceptional or unusual circumstances. Here, the outright dismissal of the petition, albeit without prejudice, might result in preclusion of consideration of the petitioner's claims in this Court due to the expiration of the one year statute of limitations under 28 U.S.C. § 2244(d)(1). A common circumstance calling for abating a habeas petition arises when the original petition was timely filed, as was the case here, but a second, exhausted habeas petition would be time barred by the AEDPA's statute of limitations. See Hargrove v. Brigano, 300 F. 3d 717, 720-21 (6th Cir. 2002). The Supreme Court, in fact, has suggested that a habeas petitioner who is concerned about the possible effects of his state post-conviction filings on the AEDPA's statute of limitations could file a "protective" petition in federal court, as petitioner has apparently done here, and then ask for the petition to be held in abeyance pending the exhaustion of state post-conviction remedies. See Pace v. DiGuglielmo, 544 U.S. 408,

416 (2005)(citing *Rhines v. Weber,* 544 U.S. 269 (2005)). A federal court may stay a federal habeas petition and hold further proceedings in abeyance pending resolution of state court post-conviction proceedings, provided there is good cause for failure to exhaust claims and that the unexhausted claims are not "plainly meritless." Rhines, 544 U.S. at 278.

Petitioner states that these claims were not presented as federal constitutional claims in the state courts because his appellate attorney was ineffective. On remand from the United States Supreme Court, the federal district court in Rhines held that the ineffective assistance of post-conviction counsel constituted "good cause" for petitioner's failure to exhaust claims in the state court proceedings, so as to justify holding the petition in abeyance while the petitioner returned to the state courts to exhaust the claims. Rhines v. Weber, 408 F. Supp. 844, 848-49 (D.S.D. 2005). Furthermore, Petitioner's claims do not appear plainly meritless. Finally, it does not appear that Petitioner has engaged in "intentionally dilatory tactics."

When a district court determines that a stay is appropriate pending exhaustion of state court remedies, the district court "should place reasonable time limits on a petitioner's trip to state court and back." Rhines, 544 U.S. at 1535. To ensure that Petitioner does not delay in exhausting his state court remedies, the Court imposes upon Petitioner time limits within which he must proceed. See Palmer v. Carlton, 276 F.3d 777, 781 (6th Cir. 2002). Petitioner must present his claims in state court within sixty days from the date of this Order. Further, he must ask this Court to lift the stay within sixty days of exhausting his state court remedies. "If the conditions of the stay are not met, the stay may later be vacated *nunc pro tunc* as of the date the stay was

4

entered, and the petition may be dismissed." Palmer, 276 F. 3d at 781 (internal quotation omitted).

### IV. Conclusion

For the reasons stated above, Petitioner's motion to hold the case in abeyance is GRANTED. Further proceedings in this case are stayed pending exhaustion of state court remedies. The case shall be stayed provided that: (1) Petitioner presents his unexhausted claims to the state court within sixty (60) days from the date of this Order, and (2) Petitioner returns to this Court to request that the stay be lifted within sixty (60) days of exhausting state court remedies.

To avoid administrative difficulties, the Clerk of Court shall CLOSE this case for statistical purposes only. Nothing in this order or in the related docket entry shall be considered a dismissal or disposition of this matter.

SO ORDERED.

Dated: August 14, 2007

    s/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record and James Greer, 459056, Thumb Correctional Facility, 3225 John Conley Drive Lapeer, MI 48446 on this date, August 14, 2007, by electronic and/or ordinary mail.

    s/Julie Owens
Case Manager, (313) 234-5160

5